**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

JAMES IVAN STATEN and
ALEXIS R. STATEN

Case No. 8:21-bk-05141-CED

Chapter 11

Debtors.
_____/

**ATTORNEY GENERAL'S MOTION FOR AN ORDER DECLARING THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 INAPPLICABLE TO THE ATTORNEY GENERAL FILING AN ACTION AGAINST THE DEBTOR, OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

Office of the Attorney General, State of Florida, Department of Legal Affairs ("Attorney General"), hereby moves this Court to enter an order declaring that the automatic stay under 11 U.S.C. § 362 is inapplicable to the Attorney General's imminent filing of an action against one of the above-named debtors, James Ivan Staten ("Debtor"), pursuant to the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes ("FDUTPA"), which will likely be filed in the Thirteenth Judicial Circuit in Hillsborough County ("FDUTPA Action"), or in the alternative, to grant the Attorney General relief from the automatic stay and, if applicable, waive the fourteen (14) day stay under Rule 4001(a)(3), and in support thereof states as follows:

**JURISDICTION**

1.  This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(G).

## PROCEDURAL HISTORY

2. The Debtor filed his Chapter 11 petition on October 6, 2021. Docket No. 1.

3. Through the FDUTPA Action, the Attorney General intends to bring claims against the Debtor and his company Olympus Pools, Inc. ("Olympus"), for deceptive and unfair trade practices under FDUTPA, and the Attorney General intends to seek injunctive relief, consumer restitution, civil penalties, attorney's fees and costs, and other statutory and equitable relief against the Debtor and Olympus, including, but not limited to, disgorgement of all ill-gotten gains.

## RELIEF REQUESTED AND BASIS FOR RELIEF

4. Pursuant to 11 U.S.C. § 362(b)(4), the Attorney General respectfully requests that this Court enter an order finding that the automatic stay is inapplicable to the FDUTPA Action, or in the alternative, to enter an order pursuant to 11 U.S.C. § 362(d), granting the Attorney General relief from the automatic stay to proceed with the FDUTPA Action against the Debtor.

5. The Attorney General is the enforcing authority[1] under FDUTPA, and any actions or proceedings against the Debtor by the Attorney General are pursuant to its enforcement authority under FDUTPA's Section 501.207. The purpose of the Attorney General's actions and proceedings, specifically including the FDUTPA Action, is to further the public policy of protecting consumers from unfair and deceptive trade practices. § 501.202, Fla. Stat.

6. Pursuant to 11 U.S.C. § 362(b)(4), filing a voluntary petition for relief under Chapter 11, Title 11 of the Bankruptcy Code, does not operate as a stay of the commencement or continuation of an action or proceeding by a governmental unit "to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment

---

[1] § 501.203 (2), Fla. Stat.

other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." 11 U.S.C. § 362(b)(4).

7. Bankruptcy courts have set a strong precedent that lawsuits filed by states alleging violations of consumer protection statutes fall within the "police and regulatory power exception" found in 11 U.S.C. § 362(b)(4). *In re Guardia*, 522 B.R. 734, 735 (Bankr. S.D. Fla. 2014); *In re Dolen*, 265 B.R. 471, 480-81 (Bankr. M.D. Fla. 2001); *In re Steffy*, 494 B.R. 574, 585 (Bankr. N.D. Ga. 2012) (finding that the State of Arkansas' action to enforce consumer protection laws and to protect its citizens fell within the exception of Section 362(b)(4)); *In re Gallagher*, No. 08-41445, 2010 WL 2507219, at *1 (Bankr. M.D. Ga. Jun. 16, 2010) (holding that "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay."); *In re Nelson*, 240 B.R. 802, 805-07 (Bankr. D. Me. 1999) (holding that the State of Maine's lawsuit against the debtor for violations of Maine's Unfair Trade Practices Act and the Consumer Solicitations Sales Act was within the Section 362(b)(4)'s exception); *In re Ellis Crosby & Associates, Inc.*, Case No. 3:05-bk-15194-GLP (Bankr. M.D. Fla. Feb. 6, 2006) (ordering that the automatic stay was inapplicable to the Attorney General in pursuing a state court action against the debtor for alleged violations of consumer protection laws).

8. In *Guardia*, the Attorney General for the State of Florida moved for an order declaring that the automatic stay did not apply to an action against the debtor for violations under FDUTPA. *In re Guardia*, 522 B.R. at 734. More specifically, the Attorney General was seeking injunctive relief to prevent the debtor and other defendants from future business activities, an

award for restitution, civil penalties and attorney's fees. *Id*. Judge Mark with the United States Bankruptcy Court for the Southern District of Florida, held that "[t]he filing of the Complaint against the [d]ebtor and its prosecution up to judgment and the filing of a claim in this bankruptcy court all falls squarely within the Attorney General's police powers pursuant to section 362(b)(4) and therefore not in violation of the automatic stay," and that "[t]he automatic stay does not apply to the Attorney General filing the Complaint against the Debtor and prosecuting it through judgment." *Id*. at 736.

9.  In *Dolen*, the Federal Trade Commission ("FTC" or "Commission") filed a motion to determine the applicability and scope of the automatic stay with respect to an enforcement action by the Commission against the Chapter 13 debtor for consumer fraud. *In re Dolen*, 265 B.R. at 473-74. The Court declined to adopt the debtor's asserted scope of Section 362(b)(4) – that it only applied to governmental units exercising control under the Chemical Weapons Convention. *In re Dolen*, 265 B.R. at 480. Rather, the Court held that "the FTC is a governmental unit or organization within the meaning of Section 362(b)(4)" and "Section 362(b)(4) provides an exception to the automatic stay for the Commission in certain circumstances as defined in that section when the Commission is exercising its regulatory functions." *Id*. The Court further noted that "[t]he case law is clear that an action to enjoin illegal conduct and to obtain restitution for that conduct falls squarely within the scope of the paragraph (b)(4) exception." *Id*. at 481 (citations omitted). Therefore, the Court held that the automatic stay did not preclude the Commission from prosecuting its action against the debtor. *Id*. at 481. More specifically, the Court held that the Commission can take the following actions:

> The Commission may engage in discovery, participate at trial to obtain an adjudication of its claims on the merits, and, if the debtor is found to have engaged in illegal conduct, determine and fix restitution damages for that conduct. Similarly, there can be no

question that the automatic stay does not preclude the Commission from enforcing the conduct prohibition provisions of the preliminary injunction entered by the district court before the filing of the bankruptcy case. Likewise, there can be no question that the automatic stay does not preclude the Commission from enforcing the preliminary injunction to the extent that it freezes and prohibits the debtor's dissipation of assets in existence before the filing of the bankruptcy case that are related to the alleged fraud. *Id*.

10. The court in *Dolen* went on to explain how the legislative history of Section 362(b)(4) reflects that "Congress intended this exception to apply to suits by governmental units 'to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar regulatory laws.'" *Id*. (citing S.Rep. No. 989, 96th Cong., 2d Sess. 52, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5838). However, courts must "first determine, therefore, whether the action at issue 'relates to a matter of public safety and health or primarily to the protection of the government's pecuniary interest in the debtor's property.'" *Id*. (citing *Berg v. Good Samaritan Hospital,* 198 B.R. 557, 561 (9th Cir. BAP 1996)).

## **ARGUMENT**

11. The Attorney General's FDUTPA Action is clearly a matter of public safety and health, and not primarily for the protection of its interest in the Debtor's property. The Attorney General is pursuing an issue of public safety, health and welfare in its FDUTPA Action against the Debtor, as the Debtor is alleged to have engaged in unfair and deceptive trade practices. Proceeding with the FDUTPA Action would advance public policy and public welfare by potentially enjoining the Debtor from further soliciting consumers in a manner that violates Florida law, among other actions. Additionally, the FDUTPA Action is attempting to bring in restitution for consumers who were harmed by the Debtor. The Attorney General is not pursuing the matter for her own pecuniary interest or to adjudicate private rights.

12. Although the FDUTPA Action seeks disgorgement, to the extent the automatic stay is still in effect, the Attorney General will not seek an order disgorging the Debtor's property without further relief from this Court.

13. Therefore, the Debtor's filing of this Chapter 11 case should not stay the Attorney General's FDUTPA Action due to the "police and regulatory power exception" set forth in 11 U.S.C. § 362(b)(4). In the alternative, should this Court find that the automatic stay does apply to the FDUTPA Action, the Attorney General respectfully requests that this Court lift the automatic stay so the Attorney General can proceed with the FDUTPA Action. Finally, if this Court determines the stay does apply to the FDUTPA Action, the Attorney General requests that the Court waive the fourteen (14) day stay in accordance with Bankruptcy Rule 4001(a)(3).

## CONCLUSION

WHEREFORE, the Attorney General respectfully requests that this Court enter an order (i) finding that the automatic stay does not apply to the Attorney General's FDUTPA Action against the Debtor pursuant to 11 U.S.C. § 362(b)(4), and that the Attorney General can proceed with said action; (ii) or in the alternative, granting the Attorney General relief from the automatic stay pursuant to 11 U.S.C. 362(d) to proceed with the FDUTPA Action through judgment, and if applicable, waive the fourteen (14) day stay pursuant to Bankruptcy Rule 4001(a)(3) and Local Rule 4001-1(c)(3); and (iii) any further relief as this Court deems just and necessary.

DATED this 13th day of October 2021.

> Respectfully submitted,
> ASHLEY MOODY
> ATTORNEY GENERAL
>
> */s/ Jennifer Hayes Pinder*
> Jennifer Hayes Pinder
> Sr. Assistant Attorney General
> Florida Bar No. 17325

Office of the Attorney General<br>
Department of Legal Affairs<br>
3507 East Frontage Road, Suite 325<br>
Tampa, Florida 33607<br>
Phone: (813) 287-7950<br>
Facsimile: (813) 281-5515<br>
Email: jennifer.pinder@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 13, 2021, a true and correct copy of the foregoing Motion was provided by this Court's CM/ECF electronic noticing system to all parties registered to receive electronic notice in this case, including the Debtor's counsel, Joel M. Aresty, Joel M. Aresty, P.A., 309 1st Ave. South, Tierra Verde, FL 33715; United States Trustee – TPA, c/o Benjamin E. Lambers, Esq., Timberlake Annex, Suite 1200, 501 East Polk Street, Tampa, FL 33602; Ruediger Mueller, Dr. Mueller Associates, Inc., 1112 Watson Court, Reunion, FL 34747; and the Debtors, c/o Joel M. Aresty, Esq., Joel M. Aresty, P.A., 309 1st Ave. South, Tierra Verde, FL 33715, and by US Mail to the Debtor, James I Staten, 6332 Wisteria Loop, Land O Lakes, FL 34638, and those on the attached mailing matrix not receiving electronic notice.

*/s/ Jennifer Hayes Pinder*
Jennifer Hayes Pinder
Sr. Assistant Attorney General

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:21-bk-05141-CED<br>Middle District of Florida<br>Tampa<br>Wed Oct 13 10:09:01 EDT 2021 | SCP Distributors, LLC<br>c/o Angela N. Grewal, Esq.<br>501 Riverside Ave Ste 601<br>Jacksonville, FL 32202-4937 | James Ivan Staten Jr.<br>6332 Wisteria Loop<br>Land O Lakes, FL 34638-3114 |
| Alexis R Staten, 5th<br>6332 Wisteria Loop<br>Land O Lakes, FL 34638-3114 | Charlotte S. Spencer -<br>10335 Boggy Moss Drive<br>Riverview, FL 33578-9503 | Community Hospital Of New Port Richey -<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 |
| Connexus Credit Union<br>PO Box 8026<br>Wausau, WI 54402-8026 | Daniel B Kelley<br>Attorney at Law<br>12381 E Cornell Ave<br>Aurora, CO 80014-3323 | Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 |
| Doreen Coxon -<br>19205 Crooked Lane<br>Lutz, FL 33548-5003 | Dylan Golden -<br>10518 Sleepy Orange Court<br>Riverview, FL 33578-8986 | Hancock Whitney<br>PO BOX 211269<br>Montgomery, AL 36121-1269 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | John W. Foens<br>4701 Gallagher Rd<br>Riverview, FL 33569 |
| Karl and Kelley Berens -<br>8748 Birchleaf Ct<br>Land o lakes, FL 34637-7890 | Marianne Winch<br>c/o Gale Porter, Jr., Esq.<br>100 North Tampa St.<br>Ste 3575<br>Tampa, FL 33602-5877 | (p)MERCEDES BENZ FINANCIAL SERVICES USA LLC<br>BANKRUPTCY TEAM<br>14372 HERITAGE PARKWAY<br>FORT WORTH TX 76177-3300 |
| Olympus Pools, Inc.<br>James Staten Reg Agt<br>6332 Wisteria Loop<br>Land O Lakes, FL 34638-3114 | SCP Distributors LLC<br>c/o Brian A. Leung, Esq.<br>Holcomb & Leung<br>3202 Cypress St<br>Tampa, FL 33607 | SCP Distributors LLC<br>c/o Connie Loring<br>2022 Weaver Park Drive<br>Clearwater, FL 33765-2130 |
| State of Florida<br>Depratment of Legal Affairs<br>Consumer Protection Division<br>3507 Frontage Rd Suite 325<br>Tampa, FL 33607-1795 | Susan M. Ballesteros -<br>19117 Chemille Drive<br>Lutz, FL 33558-2845 | US Department of Education -<br>P O Box 16448<br>Saint Paul MN 55116-0448 |
| Waterstone Bank<br>c/o William Bruss<br>1120 West Plank Court<br>Wauwatosa, WI 53326 | Joel M Aresty +<br>Joel M Aresty PA<br>309 1st Ave S<br>Tierra Verde, FL 33715-2231 | Benjamin E. Lambers +<br>Timberlake Annex<br>501 E. Polk Street, Suite 1200<br>Tampa, FL 33602-3945 |
| United States Trustee - TPA +<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 | Angela N Grewal +<br>Adams and Reese, LLP<br>501 Riverside Avenue<br>Jacksonville, FL 32202-4934 | Ruediger Mueller +<br>Dr. Mueller Associates, Inc.<br>1112 Watson Court<br>Reunion, FL 34747-6784 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
JP Morgan Chase Bank N.A.           Mercedes Benz Financial
c/o CT Corporation System           PO BOX 685
1200 Pine Island Rd                 Roanoke, TX 76262
Fort Lauderdale, FL 33324
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Caryl E. Delano                  (d)SCP Distributors, LLC            (u)Note: Entries with a '+' at the end of the
Tampa                               c/o Angela N. Grewal, Esq.          name have an email address on file in CMECF
                                    501 Riverside Ave Ste 601           -------------------------------------------
                                    Jacksonville, FL 32202-4937         Note: Entries with a '-' at the end of the
                                                                        name have filed a claim in this case
```

```
End of Label Matrix
Mailable recipients    29
Bypassed recipients     3
Total                  32
```